[No. 10,701.—Department Two.]
March 1, 1882.

## THE PEOPLE v. ISAAC S. KALLOCH

INDICTMENT.—MISCONDUCT IN OFFICE.—The indictment in effect charged the defendant, who was Mayor of the City and County of San Francisco, with having corruptly received from a city official a part of his salary, which salary had been increased by the influence of defendant; but did not charge him with having received any reward or promise thereof as an inducement to his official action.

*Held:* The act charged did not constitute a violation of Section 70 of the Penal Code.

APPEAL from a judgment for defendant on demurrer in the Superior Court of the City and County of San Francisco. FREELON, J.

*D. L. Smoot,* District Attorney, for Appellant.

*McClure, Dwinelle & Plaisance,* for Respondent.

The COURT:

The indictment charges that, at a time therein stated, the defendant was the Mayor of the City and County of San Francisco, and, by virtue of that office, was the President of the Board of Election Commissioners of said city and county. That the defendant, in his official capacity, procured the appointment of one W. P. Hughey to a position in the office of the Registrar of voters, at a salary of seventy-five dollars per month, and afterwards caused the salary of said Hughey to be increased to the sum of one hundred and twenty-five dollars per month. "That on the twenty-second day of March, 1880, the said Isaac S. Kalloch, at the city and county aforesaid, for the purpose of inducing the said W. P. Hughey to deliver a portion of his salary against his will, and without lawful consideration to him, he, the said Isaac S. Kalloch, then and theretofore well knowing that the said W. P. Hughey knew him, the said Isaac S. Kalloch, to be the Mayor of the said city and county, and, by virtue thereof, a member and the President of the said Board of Election Commissioners, corruptly stated and declared to the said W. P. Hughey that he, the said Isaac S. Kalloch, had had his, the said W. P. Hughey's, salary raised, and that he, the said Isaac S. Kalloch,

wanted fifty dollars out of the salary of him, the said W. P. Hughey, for the month of March, A. D. 1880, and that he wanted it for a man who needed it worse than the said W. P. Hughey. That afterwards, to wit, on the twenty-eighth day of March, A. D. 1880, the said Isaac S. Kalloch again corruptly demanded the said sum of fifty dollars from the said W. P. Hughey, and continued to demand and apply for the same, until moved and influenced by the said demands made as aforesaid, it was paid by the said W. P. Hughey to, and corruptly received by him, the said Isaac S. Kalloch, in the following manner, viz., ten dollars on or about April, 2, A. D. 1880, and the remaining forty dollars on or about May 1, A. D. 1880."

The indictment was demurred to on the ground that it did not state any public offense, and the Court below having sustained the demurrer, an appeal has been taken to this Court, on behalf of the people.

It is claimed by the prosecution that the indictment charges a crime under Section 70 of the Penal Code; and that section reads as follows: " Every executive or ministerial officer, who knowingly asks or receives any emolument, gratuity, or reward, *or any promise thereof*, excepting such as may be authorized by law, for *doing* any official act, is guilty of a misdemeanor."

It will be remarked that it is as much a violation of the law to ask or receive a *promise of a reward* as it is to actually receive the reward; and the obvious intent of the statute was to prevent any improper influences being brought to bear upon official action. But the indictment in this case does not charge the defendant with having received any reward or *promise thereof, as an inducement* to his official action, but it simply charges him with having corruptly received from a city official a part of his salary, which salary had been increased by the influence of defendant.

With the *morality* of such official conduct we have nothing to do, and we are simply called upon to determine whether the act of the defendant violates the section of the Penal Code, a copy of which is set forth above. We are of the opinion that it does not, and therefore the demurrer was properly sustained.

Judgment affirmed.