STATE OF NORTH DAKOTA, Defendant in Error, *v.* JOAKIM BAUER, Plaintiff in Error.

**1.  County Commissioner; Excessive Fees; Charge for Use of Team.**

B., a county commissioner, was indicted and convicted for "taking excessive fees." The indictment was framed under § 6303, Comp. Laws, which is as follows: "Every executive officer who asks or receives any emolument, gratuity, or reward, or any promise of any emolument, gratuity, or reward, excepting such as may be authorized by law, for doing an official act, is guilty of a misdemeanor." At the trial the following facts were established by undisputed evidence: At the date alleged, B. was a county commissioner, and, on that date, presented a bill to the county board of his county for a gross sum. The bill was allowed by the board, and ordered paid, and, on the same day, a warrant issued to B. for the amount of his bill, and was paid to B. out of the county treasury. The record book describes the bill as being rendered "for Com. services and work." The bill as allowed and paid embraced the following items, viz.: (1) "April 29th, county committee work to Hankinson and Lidgerwood, three days with team, $18." (2) "May 11th; committee work to Dwight, one day with team, $6." (3) "May 13th, committee work to Moreton, one day with team, $6." No evidence was offered explanatory of the above-mentioned items in the bill, the prosecution claiming that where it appeared that such claims were in fact presented by and paid to an executive officer, that the offense defined in the statute was made out. At the close of the case for the state, defendant moved the trial court to advise the jury that the evidence was "insufficient to warrant a conviction." The motion was denied. *Held* to be error.

**2.  Same — Charge for Official Services.**

Among the instructions to the jury was the following, which is approved by this court: "The statute with regard to fees of county commissioners is plain, and not ambiguous. There is no chance for different persons to place different constructions upon the statute. The only fees they are allowed to charge is three dollars per day for the time engaged in their official duties, and also five cents per mile for travel, and, if he has made any other charges, those are illegal."

**3,  Same; Charge for Team Not a Charge for Official Services.**

The following instructions were also given to the jury, and excepted to by defendant: "Now the particular charge upon which the prosecution in this case relies for a conviction is that this defendant, while acting as county commissioner, and in the performance of his official duties, charged for the use of his team, or for the use of a team. Now,

gentlemen, if you find, under the evidence in this case, beyond a reasonable doubt, that this defendant made a charge, and received compensation accordingly from the county, for the use of his team while he was engaged in the performance of his official duty, it is your duty to return a verdict of guilty." *Held* error.

**4. Same; Same; Lumping Items in Bill.**

Applying the law governing the compensation allowed commissioners to the several items of the bill above set out, it appears, upon the face of each item, that a portion thereof is for official services, viz., "committee work," and another portion of each item is a claim (whether legal or not) against the county for strictly private and non-official services, to-wit, a claim for the use of a team for a specified number of days. Deducting the legal *per diem* for official services due B., the balance of the claim is, on its face, and in fact, for the use of a team a specified number of days. *Held*, that the claim for the use of the team, as asked for and received by B., does not constitute an offense, under § 6303, *supra*. Such a claim is not a demand by an executive officer for "any emolument, gratuity, or reward" for "doing any official act." The act of furnishing a team is not an act enjoined by law, and hence is not an official act; nor does lumping a private claim for the use of a team with a claim for fees change the essential character of the claim. Such a claim is, and must remain, a mere demand of payment for a strictly private and non-official service.

**5. Same; Same; Section 6303 Compiled Laws.**

It is conceded that these claims against the county were not asked for by B. as an incentive or inducement to the performance of any official act. *Held*, that this fact is also fatal to the case of the prosecution. We hold that § 6303 was intended to provide for cases not covered by § 6300, viz., for cases where the bribe is not asked for or received to influence official discretion, but is asked for and received as an incentive or inducement to do an official act which is lawful in itself, and does not involve the exercise of official discretion in the sense intended in § 6300. Section 6303 was not, in our opinion, intended to include the offense of demanding and receiving extortionate fees where the officer asks for such fees as legal fees.

**6. Is County Liable to Commissioner for Hire of His Team?**

We are concerned in this case only with the criminal aspects, and do not pass upon the validity of the claim for the use of the team as a civil liability.

(Opinion Filed November 29, 1890.)

*E*RROR to district court, Richland county; Hon. CHARLES F. TEMPLETON, judge.

Messrs. McCumber & Bogart for plaintiff, in error: Section 6303 of the Compiled Laws relates to the taking of emolument, gratuity or reward in the nature of a bribe, and does not reach

the demand or reception of excessive fees except when taken as a bribe, and the indictment should allege that the asking or receiving was an inducement for the act done: People v. Kalloch, 60 Cal. 116; Hutchinson v. State, 36 Texas 293; Lawson's Crim. Def., vol. 4, p. 286.

George F. Goodwin, attorney-general, and W. E. Purcell, states attorney, of Richland county, for the defendant in error: Section 6303 applies to all cases where excessive fees are asked or taken.

WALLIN, J.  The indictment under which plaintiff in error was tried and convicted is framed under § 6303, Comp. Laws, which is as follows:  "Every executive officer who asks or receives any emolument, gratuity, or reward, or any promise of any emolument, gratuity or reward, excepting such as may be authorized by law, for doing any official act, is guilty of a misdemeanor."  After a verdict of guilty, a bill of exceptions was allowed embracing the evidence, rulings, and exceptions and defendant moved thereon for a new trial.  The motion was denied, whereupon a writ of error issued, and the whole record is brought up for review.  In the view taken by this court of the whole case, it will be unnecessary to set out the testimony or the several rulings made thereon, in detail.  According to the theory of the evidence advanced by the prosecution, the following facts were established at the trial, viz:  That plaintiff in error, on May 25, 1889, was a county commissioner of Richland county, and, on that day, he presented a bill against said county to the county board for $107.80, which bill was audited, ordered paid, and, on the same day, was paid in due course to plaintiff in error out of the county treasury.  The record of the proceedings of the board describes the bill as a bill for "Com. services and work."  The bill was made up of a number of items.  The following items embraced in the bill, are claimed to be illegal demands against the county, and the theory of the prosecution is that the act of asking for and receiving pay for such items constitutes the crime defined in said section of the statute:  (1) "April 29th, county committee work to Hankinson and Lidgerwood, three days with team, $18."  (2) "May 11th, committee work to Dwight, one day with team, $6."  (3) "May

13th, committee work to Moreton, one day with team, $6." No oral or other evidence was offered explanatory of these bills; the prosecution claiming that such bills, when presented by and paid to an executive officer, constituted the crime, and no further testimony was needed. At the close of the testimony for the state, defendant moved the court to advise the jury "that the evidence adduced on behalf of the state is insufficient in law to warrant a conviction." The motion was denied, and defendant excepted to the ruling. For reason hereafter given, we hold that such ruling was prejudicial error.

Among the instructions given in the charge to the jury, and duly excepted to, were the following: (4) "Now in this indictment the word 'fee' is used instead of the word 'emolument.' I charge you, as a matter of law, that the fact that the exact wording of the statute has not been followed is immaterial. That the word 'emolument' is sufficiently broad to include the word 'fee' or the word 'compensation.' Therefore, the indictment in that respect is sufficient." (6.) "Now the particular charge upon which the prosecution in this case relies for a conviction is that this defendant, while acting as county commissioner, and in the performance of his official du-. ties, charged for the use his team, or for the use of a team." (7) "Now, gentleman, if you find under the evidence in this case, beyond a reasonable doubt, that this defendant made a charge and received compensation accordingly from the county, for the use of his team while he was engaged in the performance of his official duty, it is your duty to return a verdict of guilty. The statutes with regard to the fees of county commissioners is plain, and not ambiguous. There is no chance for different persons to place different constructions upon the statute. The only fees they are allowed to charge, so far as I now remember the law, is three dollars per day for the time engaged in their official duties, and also five cents per mile for travel, and, if he has made any other charges those are illegal." (9) "Now, gentlemen of the jury, that is all there is in this case. The question as to this defendant's intent, whether he honestly and actually believed he had the right to make these charges, is not a matter for you to determine. You should not take that into

consideration in this case. That is a matter which will be brought to the attention of the court should a verdict of guilty be found, and which it would be proper for the court to take into consideration in pronouncing judgment upon the verdict."

In the instruction numbered 7, the law governing the compensation which county commissioners may lawfully demand and receive for their official services was correctly stated to the jury, and it was quite proper to state to the jury, as was done, that any amounts received for official services in excess of the statutory fees were illegal. But the learned court, in our view of the statute under which the indictment is framed, erred to defendant's prejudice in using the following language: "Now, gentlemen, if you find, under the evidence in this case, beyond a reasonable doubt, that this defendant made a charge, and received compensation accordingly from the county, for the use of his team while he was engaged in the performance of his official duty, it is your duty to return a verdict of guilty." This language construes the statute under consideration in such a way as to make the act of demanding and receiving pay upon a purely private and strictly non-official claim a criminal act. We are clear that the statute has no such meaning. It is true, in this case, that the claim for the use of the defendant's team was lumped with the defendant's claim for his *per diem* while engaged in official duty as a commissioner of the county board; and likewise true that the bill showed on its face that the teams were used concurrently, and for the same number of days charged for by defendant for official services. Snch irregular mode of presenting and allowing a claim not itemized may be punishable under other sections of the Code; but we are quite sure that the manner of making out and presenting a claim cannot change its essential nature, nor convert a demand for the use of a team into a criminal demand for a "gratuity" for "doing an official act." The claim for the use of a team is based on valuable services, which services are separate in kind, and private in nature, and hence the claim is not a demand for an excess of fees. Neither is it a demand for "doing an official act." Much less is it a demand of a gratuity or reward for doing an official act for which the law allows a fee or compensation, which ele-

ment would be necessary to constitute an offence under the statute. It does not appear by the evidence whether the team in question was furnished by the defendant for his own convenience in reaching points where he was called in the discharge of official duties, or whether the team was used by the county in prosecuting public work; but, however used or furnished, the fact stands out that neither furnishing the team, nor its use, nor demanding or receiving compensation therefor, is or can be an official act. If it were, the non-performance of such official act would be criminal if done under the circumstances stated in § 6304, which section reads as follows: "Every executive officer who asks or receives any emolument, gratuity, or reward, or any promise of any emolument, gratuity or reward for omitting or deferring the performance of any official duty, is guilty of a misdemeanor." It follows from the views above expressed that the charge of the trial court was error, and that such error was highly prejudicial to the defendant.

The decision may likewise rest upon other grounds. In this case it is not alleged or claimed that the defendant asked for or received any emolument, gratuity, or reward as an inducement to the performance of an official act. This, we think, is essential. Section 6303, as well as the chapter in which it is found, was taken almost literally from the Code of California, and the statute has been construed by the supreme court of that state in People v. Kalloch, 60 Cal. 116. Speaking of this statute, the court says: "The object of the statute is to prevent improper influences being brought to bear upon official action, and, the indictment failing to allege that the promise was an inducement to the act, is fatally defective." We think § 6303 was not intended to define or punish the offense of claiming or receiving extortionate fees. The reverse is fairly implied from the clause, "excepting such as may be authorized by law." Money demanded "for doing an official act," which money is not authorized by law to be paid for doing the act, cannot be a demand for a fee, and can only be a demand for a bonus, "gratuity," or "reward," different from and in excess of fees. Section 6300 was framed to define and punish the heinous offense of bribery when committed by officers who, in the exercise of official dis-

cretion, are authorized to vote, give opinions, or perform other executive functions involving official discretion, and with respect to matters pending before them, or which may be brought before them. This offense was a grave offense at common law, and is made felony, and very severely punished by said section. On the other hand, § 6303 defines a mere misdemeanor and one which does not include the moral turpitude involved in the act of corrupting and perverting official discretion. The acts referred to in § 6303 are, in themselves, necessarily lawful, official acts, and, as to such acts, the statute, for good reasons, declares that the officer who performs them shall not be stimulated or induced to act by any "emolument," "gratuity," or "reward," outside of fees. From this it follows that § 6303 is not a duplicate of § 6300, as suggested by counsel's brief, but, on the contrary, refers to another class of offenses, viz., to cases where an executive officer who is not intrusted with official discretion asks or receives a bonus, not as a fee, but as a gratuity independent of fees, and as an extra inducement for the performance of an official act, which act is in itself lawful. The question of the legality of the claim for the use of the team, as a valid contract, enforceable against the county, is not now before us, and we do not pass upon it. But the facts surrounding this case seem to warrant us in saying that "it is a well-established and salutary doctrine that he who is intrusted with the business of others cannot be allowed to make such business an object of pecuniary profit to himself." See 1 Dill. Mun. Corp. § 444. Upon the grounds above stated, the judgment of the court below must be reversed, and the action dismissed. Such will be the order. All concur.